UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND


MARIANO A. JIMENEZ                          :
                                            :
          v.                                :          C.A. No. 08-346S
                                            :
ASHBEL T. WALL                              :


## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

      Before the Court is the State of Rhode Island's Motion to Dismiss the 28 U.S.C. § 2254

Petition filed by Mariano A. Jimenez ("Petitioner") (Document No. 6).  The State seeks dismissal

of the Petition primarily on the grounds that it is time-barred under 28 U.S.C. § 2244, the applicable

statute of limitations. The State also claims that the Petition fails as a matter of law on its merits.

This matter has been referred to me for preliminary review, findings, and recommended disposition

pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Cv 72.  The Court has determined that no hearing is

necessary.  After reviewing the memorandum submitted by the State and performing independent

research, I recommend that the Motion to Dismiss be GRANTED, and that the Petition be

DISMISSED WITH PREJUDICE.

### Facts and Travel

      Petitioner was convicted by a jury of first-degree murder, felony assault and carrying a pistol

without a license in connection with the shooting death of Marcel Clemente on April 9, 2000.

Petitioner was sentenced to life in prison.

      Petitioner appealed his conviction to the Rhode Island Supreme Court.  Petitioner contended

that the trial justice erred (1) in permitting the State to question him about his previous experience

using the murder weapon; and (2) in failing to instruct the jury on the lesser-included offense of diminished capacity manslaughter.   The Supreme Court rejected both claims and affirmed Petitioner's conviction.   See State v. Jimenez, 882 A.2d 549 (R.I. 2005).   In particular, the Supreme Court ruled that Petitioner's testimony that the killing was accidental and due to a malfunction of the murder weapon "opened the door to questions about his previous experience with that specific gun."   Id. at 553.   The Supreme Court also ruled that a diminished capacity instruction was not warranted by the evidence and that Petitioner's testimony did not suggest that "he was intoxicated to such a degree as to negate the specific intent necessary for murder."   Id. at 555.

Over three years after the Rhode Island Supreme Court's decision, Petitioner filed the present habeas corpus action claiming that his conviction and resultant custody is unlawful because of the "failure to instruct the jury on diminished capacity even though there was evidence of intoxication." (Document No. 1 at p. 5).   On September 22, 2008, District Judge William E. Smith Ordered the State to submit a response to the Petition, and the State filed its Motion to Dismiss and supporting Memorandum on October 2, 2008.   In its Motion, the State claims that the Petition is barred by the statute of limitations contained in 28 U.S.C. § 2244, and also that the Petition  fails as a matter of law on its merits.   Petitioner filed an Objection to the State's Motion in which he argues that "[p]rocedural defaults [sic] do not bar constitutional questions of law."   (Document No. 8).

**Analysis**

**A.      Statute of Limitations**

The first issue presented is the application of the statute of limitations to this action.   The State has moved, pursuant to 28 U.S.C. § 2244, to dismiss the Petition alleging that the one-year statute

of limitations applicable to a claim brought under 28 U.S.C. § 2254 expired prior to Petitioner filing this action.

28 U.S.C. § 2244(d)(1) provides "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." It further provides that the limitation period will begin to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," but that it shall be tolled while any "properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. §§ 2244(d)(1)(A) and (d)(2).

The State argues that the statute of limitations commenced in 2005, when Petitioner's appeal to the Rhode Island Supreme Court was rejected. Thus, the State reasons that the Petition is time-barred since the one-year period would have expired well prior to the present filing. After an independent review of the applicable law, this Court concludes that the one-year statute of limitations expired prior to Petitioner's filing this action in the federal court, thus foreclosing his opportunity to seek Section 2254 relief from his state court conviction. The statute of limitations for a federal habeas action begins to run when the judgment in the state court is "final." The statute defines a conviction as "final" upon "the conclusion of direct review or the expiration of the time for seeking such review." See 28 U.S.C. § 2244(d)(1)(A). Petitioner's state court conviction was "final" in 2005 and there is no record of any subsequent post-conviction or other collateral review which might have tolled the running of the statute of limitations. In fact, Petitioner concedes in his Petition (Document No. 1) that he did not pursue any post-conviction avenues of relief after his conviction was affirmed in 2005. Because his conviction was final following the June 24, 2005 decision by the Rhode Island

Supreme Court on his appeal, the statute of limitations would have expired some time in the early fall of 2006.[1]

### B.      The Merits

The State argues, in the alternative, that even if considered timely, the Petition fails on the merits.  With the passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") 28 U.S.C. § 2254, Congress restricted the power of federal courts to grant habeas relief to prisoners. This Court is guided in the consideration of Petitioner's claims by 28 U.S.C. § 2254(d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;...

The Court looks to <u>McCambridge v. Hall</u>, 303 F.3d 24 (1st Cir. 2002), for its guidance on applying the "unreasonable application" portion of § 2254(d)(1).  <u>McCambridge</u> states that "'some increment of incorrectness beyond error is required'...[in an amount] great enough to make the [state court's] decision unreasonable in the independent and objective judgment of the federal court..." <u>Id.</u> at 36 (<u>quoting</u> <u>Francis S. v. Stone</u>, 221 F.3d 100, 111 (2nd Cir. 2000)).  For example, a federal court may find a decision of a state court to be "unreasonable" if that decision is "devoid of record support for its conclusions or is arbitrary."  <u>Id.</u> at 37 (<u>citing</u> <u>O'Brien v. Dubois</u>, 145 F.3d 16, 25 (1st Cir. 1998)).  In <u>Williams v. Taylor</u>, 529 U.S. 362, 411 (2000), the Supreme Court noted that an

---

[1]  The conviction is considered final upon the conclusion of review with the United States Supreme Court, or the expiration of the ninety-day period for seeking certiorari pursuant to Sup. Ct. Rule 13. Thus, Petitioner's limitations period would have expired one year and ninety days from the Rhode Island Supreme Court's decision.

"incorrect" application of federal law is not necessarily tantamount to an "unreasonable" one: "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."

Another category of state court errors that may be remedied on federal habeas review involves unreasonable determinations of fact.  See 28 U.S.C. § 2254(d)(2).  Under this standard, the state court's factual findings are entitled to a presumption of correctness that can be rebutted only by clear and convincing evidence to the contrary.  Mastracchio v. Vose, 274 F.3d 590, 597-98 (1st Cir. 2001) (describing burden on habeas petitioner as a "high hurdle").  In this case, because Petitioner does not argue that the factual findings of the state courts were arbitrary or unreasonable, this Court must presume the factual findings of the Rhode Island Supreme and Superior Courts to be correct.  Accordingly, there are no unresolved issues of material fact present, and the Court may resolve Petitioner's habeas challenge as a matter of law.

"To state a federal habeas claim concerning a state criminal conviction, the petitioner must allege errors that violate the Constitution, laws, or treaties of the United States."  Evans v. Verdini, 466 F.3d 141, 144-145 (1st Cir. 2006) (citations omitted).  "[F]ederal habeas corpus relief does not lie for errors of state law...."  Lewis v. Jeffers, 497 U.S. 764, 780 (1990).  Thus, the fundamental issue presented in this case is whether Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Petitioner has not shown that the decision in State v. Jimenez was contrary to clearly-established Federal law.

In Hopper v. Evans, 456 U.S. 605, 611 (1982), the Supreme Court held that, in a capital case, "due process requires that a lesser included offense instruction be given only when the evidence

warrants such an instruction."  The Circuits are split as to whether this right extends to noncapital cases such as this and the First Circuit has not yet opined on the issue.  See Paulding v. Allen, 393 F.3d 280, 283 (1st Cir. 2005).  However, even if Petitioner had a due process right to a lesser-included offense instruction, that right is triggered only where the instruction is warranted by the evidence.

Here, the Rhode Island Supreme Court reasonably determined that the evidence did not warrant such an instruction.  The Supreme Court noted that "[i]t is an established principle that 'a criminal defendant is entitled to an instruction on a lesser included offense if such an instruction is warranted by the evidence.'"  State v. Jimenez, 882 A.2d at 554 (quoting State v. Hockenhull, 525 A.2d 926, 930 (R.I. 1987).  Thus, the Rhode Island Supreme Court applied the federal Hopper standard.  The Rhode Island Supreme Court analyzed the trial evidence and concluded that petitioner "failed to produce even the minimal evidence required to warrant an instruction on diminished-capacity manslaughter."  Id. at 557.  Although there was evidence that Petitioner had been drinking, his own testimony on the subject was "in a hesitant manner that was substantially different in tone from an unequivocal affirmation."  Id. at p. 555, n.11.  The Rhode Island Supreme Court also reasonably concluded that Petitioner's actions belied any claim of diminished capacity including "his deliberate efforts to conceal his involvement in the crime while he was fleeing the scene" and "his detailed memory of several events that occurred throughout the period in question."  Id. at 557. Petitioner has not shown that the failure to instruct on diminished-capacity entitles him to relief under § 2254.

**Conclusion**

For the foregoing reasons, I recommend that the State's Motion to Dismiss (Document No. 6) be GRANTED, and that the Petition be DISMISSED WITH PREJUDICE.  Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt.  <u>See</u> Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  <u>See</u> <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
November 4, 2008